IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CX REINSURANCE COMPANY          *
LIMITED et al.                  *
v.                              *       Civil Action No. WMN-15-3136
                                *
HOMEWOOD REALTY INC. et al.     *

    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

### MEMORANDUM AND ORDER

Defendants Homewood Realty Inc. and Stanley E. Sugarman owned various residential rental properties in Baltimore City. Their ownership of those properties gave rise to several lawsuits brought by former tenants for personal injuries allegedly caused by exposure to lead-based paint.  Plaintiff CX Reinsurance Company Limited (CX Reinsurance) issued general liability insurance policies insuring certain risks related to the ownership of those properties.  CX Reinsurance filed this action seeking rescission of those policies, or to recover damages, based on allegations of fraudulent misrepresentations in Defendants' applications for those policies.

Pending before the Court are motions to intervene filed by the plaintiffs in the state court tort actions.[1]  ECF No. 34

---

[1] Also pending is a Motion for a Protective Order, ECF No. 56, filed by Defendants on October 12, 2016, seeking to prohibit certain depositions from going forward until after the motions to intervene were decided.  Earlier that day, the Court issued an Order staying the scheduling order in this case, ECF No. 55, effectively rendering the Motion for Protective Order moot.

(filed by Chauncey Liles, Shyliyah Streeter, KeiShonne Moore, and Prentiss Watson) and ECF No. 35 (filed by Kayla McKnight).[2] These Proposed Intervenors assert that the claims they are asserting against Defendants in the state court are covered by one or more of the policies that CX Reinsurance is attempting to rescind and, therefore, they have an interest in this litigation.  They also assert, upon information and belief, that Defendant Sugarman considers himself "judgment proof" and, thus, the insurance proceeds from the CX Reinsurance policies might be the only asset available to satisfy their claims.  These Proposed Intervenors argue that they have a right to intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure to ensure that their interests in the CX Reinsurance policies are not impaired or impeded without the opportunity to adequately protect such interests.  In the alternative, they argue that permissive intervention under Rule 24(b) is appropriate because their claims share common questions of law and fact with the claims and defenses raised and asserted

---

[2] There are several similar cases that have been filed in this Court by CX Reinsurance against other property owners.  This second motion, ECF No. 35, is an omnibus motion to intervene also filed in several of those other actions by lead-based paint victims who have filed state court actions against other land owners.  Ms. McKnight is the only individual seeking to intervene in this action.

between CX Reinsurance and the Defendants.   Fed. R. Civ. P. 24(b)(1)(B).

Defendants did not oppose the motions to intervene.   CX Reinsurance did oppose these motions as to all Proposed Intervenors with the exception of the intervention of Mr. Liles. Mr. Liles has already obtained a judgment against Defendant Sugarman in his state court tort action.[3]   While CX Reinsurance states that it does not oppose the intervention of Mr. Liles, it suggests that, if the Court permits intervention, the Court should "forbid _any_ intervenor" from serving any discovery or motions that would be duplicative of discovery or motions filed by Defendants.   ECF No. 43 at 10-11 (emphasis added).

CX Reinsurance does not provide any compelling reason as to why Mr. Liles should be permitted to intervene but the same opportunity should not be provided to the remaining Proposed Intervenors.   CX Reinsurance concedes that Mr. Liles "occupies a position similar (albeit not identical) to the position the Proposed Intervenors occupy," and suggests that Mr. Liles' participation in this litigation somehow renders the remaining Proposed Intervenors' participation unnecessary.   Id. at 10.   As the remaining Proposed Intervenors note, however, most of the

---

[3] Mr. Liles has also previously been sued in a declaratory action brought by a different insurer seeking a ruling that there was no coverage under its policies.   QBE Int'l Ins., Ltd. v. Sugarman, Civ. No. 15-3153 (D. Md.).   That case was dismissed without prejudice.

same arguments CX Reinsurance raises to oppose their intervention (i.e., lack of commonality, undue delay, and prejudice) would, if valid, apply with equal force to Mr. Liles' claim.  ECF No. 46 at 1.

In at least two of the similar actions brought by CX Reinsurance, other judges in this Court have permitted plaintiffs in underlying state court lead-based paint cases to intervene in the related insurance coverage actions in this Court.  CX Reinsurance Co. Ltd. v. Leader Realty Co., Civ. No. JKB-15-3054, ECF No. 74 (D. Md. Jan. 10, 2017), and CX Reinsurance v. Benjamin L. Kirson, Civ. No. RWT-15-3132, ECF No. 38 (D. Md. Jan. 18, 2017).  The individuals permitted to intervene in those actions are similarly situated to the Proposed Intervenors in this action.  While the intervenor in Kirson, like Mr. Liles, had already obtained a judgment in his state court action, the two intervenors in Leader Realty had not.  See Civ. No. JKB-15-3054, ECF No. 43 at 2. n.3 (noting that any interests that the intervenor had in the policies at issue was only contingent because they did not hold a judgment against the insured) and ECF No. 44 at 3 n.4 (same).  Nonetheless, Judge Bredar found that there was a question of fact common to the insurer's claim and the intervenors' claim as to whether the insured made material misrepresentations on the insurance application.  Based upon that common question of fact,

4

Judge Bredar concluded that permissive intervention was appropriate under Rule 14(b)(1(B).  Id., ECF No. 74 at 4.  The Court reaches the same conclusion here for the same reasons.

In both Leader Realty and Kirson, the Court also imposed restrictions on discovery to address CX Reinsurance's concerns about duplicative discovery.  Those same restrictions will be imposed here, for the same reasons.

Accordingly, IT IS this 25th day of January, 2017, by the United States District Court for the District of Maryland, ORDERED:

(1) That Defendants' Motion for a Protective Order, ECF No. 56, is DENIED as MOOT;

(2) That the Motion to Intervene filed by Chauncey Liles, Shyliyah Streeter, KeiShonne Moore and Prentiss Watson, ECF No. 34, is GRANTED;

(3) That Chauncey Liles, Shyliyah Streeter, KeiShonne Moore and Prentiss Watson shall be designated as Defendants in this action;

(4) That the Motion to Intervene filed by Kayla McKnight, ECF No. 36, is GRANTED;

(5) That Kayla McKnight shall be designated as Defendant in this action;

(6) That ECF No. 36-2 shall be docketed as Kayla McKnight's Answer and Counterclaim;

(7) That, by separate order, this case will be referred to a magistrate judge to manage and rule on discovery issues, should they arise;

(8) That these new intervening Defendants are prohibited from taking discovery except to the extent that they can establish to the satisfaction of the magistrate judge that it will be non-duplicative of what the other parties are already taking and otherwise within the scope of established discovery rules; and

(9) That all counsel shall meet and confer and submit to the Court a proposed scheduling order within ten days of the date of this Memorandum and Order; and

(10) That the Clerk of the Court shall transmit this Memorandum and Order to all counsel of record.


_____/s/_____
William M. Nickerson
Senior United States District Judge