UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 31, 2018

LETTER TO COUNSEL

      RE:    *CX Reinsurance Company Limited, f/k/a CNA Reinsurance Company Limited v. Homewood Realty Inc., et. al.*; Civil Case No. JFM-15-3136

Dear Counsel:

This matter has been referred to me for discovery disputes and related scheduling matters. [ECF No. 66]. Presently pending is CX Reinsurance Company Limited's ("CX Re") Motion to Deem Facts Admitted by Intervenor-Defendant Shyliyah Streeter ("Streeter") [ECF No. 106], Streeter's Opposition [ECF No. 109], and CX Re's Reply [ECF No. 114]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, CX Re's Motion to Deem Facts Admitted is denied, although Streeter is ordered to amend certain responses in accordance with this letter opinion.

    **I.**     **Background**

In this action, CX Re seeks to rescind commercial general liability insurance policies ("Policies") issued to Stanley E. Sugarman, Homewood Realty Inc., and other named insureds (collectively "Defendants") in 1997, 1998, and 1999. Pl.'s First Am. Compl., [ECF No. 15 ¶¶ 1, 11, 13, 25]. The Policies provide insurance coverage for certain risks, including lead exposure, relating to specified residential rental properties in Baltimore, Maryland ("Properties"). *See* Policies, [ECF Nos. 1-2, 1-3].

In particular, CX Re alleges that Defendants made a misrepresentation of material fact by falsely answering "No" to Question 16 of the Application upon which the Policies were issued, which asks whether "the [i]nsured ever had any lead paint violations in the buildings." [ECF No. 15 ¶¶ 1, 18-24]. CX Re argues that, if Defendants had answered this question truthfully, CX Re would not have issued the Policies, or would have issued the Policies subject to substantially higher premiums or substantially different terms. *Id.* ¶ 37. CX Re asserts that, "after learning of and investigating [the] misrepresentation . . . , [it] filed this rescission action." *Id.* ¶ 39.

On December 12, 2016, Streeter entered into a consent judgment with Defendants in State court for $571,000.00, representing damages for injuries she sustained from lead paint exposure at a property covered by CX Re's policy (1633 East Lanvale Street, Baltimore, Maryland) (hereinafter the *Lanvale Street Property*). *Shyliyah M. Streeter v. Stanley E. Sugarman, et. al.*, 24-C-14006143 (No. 92/1); [ECF Nos. 106 at 1, 106-1 ¶¶ 2, 4]. Thus, to protect her interests, demonstrate that CX Re's policy remains in effect, and ensure that "rescission is inoperative and invalid as to [her] [] claims[,]" Streeter intervened in this action on

January 25, 2017. [ECF Nos. 34 ¶ 3, 64]. Thereafter, on October 17, 2017, CX Re served on Streeter its Requests for Admission ["RFAs"] [ECF No. 106-2], and, on October 27, 2017, Streeter served her responses thereto [ECF No. 106-3].

The instant discovery dispute revolves around CX Re's RFA Nos. 3 and 4. [ECF No. 106 ¶ 11]. The RFAs, and Streeter's Responses, are as follows:

> **Request No. 3:** From 1996 to approximately 2001, the Lanvale Street Property had paint peeling, flaking or chipping off of its surfaces.
>
> **Response:** Streeter has no personal recollection from which to either admit or deny this request, as she was born on 1/29/95 and was age 1-6 when she resided at 1633 E. Lanvale Street. However, she admits she filed suit on 10/28/14 alleging that the Lanvale Street Property has paint peeling, flaking or chipping off of its surfaces.
>
> **Request No. 4:** From 1996 to approximately 2001, the Lanvale Street Property had lead paint on one or more of its interior or exterior surfaces.
>
> **Response:** Streeter has no personal recollection from which to either admit or deny this request, as she was born on 1/29/95 and was age 1-6 when she resided at 1633 E. Lanvale Street. However, she admits she filed suit on 10/28/14 alleging that the Lanvale Street Property contained lead-based paint in deteriorated condition that was spread throughout the property.

[ECF No. 106-3 at 3]. CX Re requests that this Court deem each of these RFAs admitted, arguing that, had Streeter conducted a reasonable inquiry into the RFAs, as required by Federal Rule of Civil Procedure 36, Streeter would necessarily have admitted each of the facts contained therein. [ECF No. 106 ¶¶ 18, 22].

## II. Legal Standards

Federal Rule of Civil Procedure 36 provides that "[a] party may serve on any other party a written request to admit[] . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Louis v. Martinez*, No. 5:08-CV-151, 2011 WL 1832808, at *3 (N.D.W. Va. May 13, 2011). If a RFA:

> is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information

it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). As such, "a party may not refuse to admit or deny a [RFA] based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him." *Martinez*, 2011 WL 1832808, at *3 (citation omitted). Moreover, pursuant to the Rule's language, "[i]f the party is asserting that it cannot admit or deny due to lack of knowledge or information, it must state that it has first made a reasonable inquiry into the matter." *Ball-Rice v. Bd. of Educ. of Prince George's Cty.*, No. CIV.A. PJM-11-1398, 2013 WL 2299725, at *2 (D. Md. May 24, 2013) (citing Fed. R. Civ. P. 36(a)(4)). "What constitutes a 'reasonable inquiry' . . . depends upon the facts of each case." *Bado v. Southland Indus., Inc.*, No. CV PJM-07-1081, 2008 WL 11366413, at *1 (D. Md. May 21, 2008) (citing *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997)). "Generally, a 'reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control[,]" and includes investigation of the party's "officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *T. Rowe Price*, 174 F.R.D. at 43; *see Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 123 (S.D. Iowa 1950) (holding that it would be improper to "require a respondent to ascertain from third persons, known to him and to the court to be hostile or interested in the outcome of the suit, facts upon which to predicate a sworn response[.]"); *but see Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 304 (M.D.N.C. 1998) (hereinafter *Uniden America*) (holding that a respondent "must make inquiry of a third party when there is some identity of interest manifested, such as by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict between" them).

Importantly, "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). "Ordinarily, a district court should first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed. . . ." *Louis*, 2011 WL 1832808, at *2. However, "[i]t is often appropriate to order the matter admitted where a party responds to a Rule 36 request in bad faith or does so evasively." *Ball-Rice*, 2013 WL 2299725, at *2. Moreover, courts have deemed RFAs admitted when a party fails to state that it made reasonable inquiry before asserting a lack of knowledge or information as a reason for failing to admit or deny a request. *See e.g.*, *Louis*, 2011 WL 1832808, at *3 (admitting defendants' responses because, in failing to state that they made a reasonable inquiry, "[a]t best, Defendants committed an oversight and, at worst, Defendants abused the discovery process by answering with multiple evasive and meritless responses."); *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 499 (D. Md. 2000) ("Failure to adhere to the plain language of this statute requires that the fact in question be admitted.") (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981)).

### III. Streeter's Failure to State that She Made "Reasonable Inquiry" Requires that She Amend Her Responses to RFA Nos. 3 and 4

Streeter's Responses to RFA Nos. 3 and 4 fail to comply with Rule 36 because, prior to asserting that she could not admit or deny each RFA due to lack of knowledge, Streeter failed to state that she first made a reasonable inquiry into the matter. *See e.g., Ball-Rice*, 2013 WL 2299725, at *2; *Jones v. Zimmer*, No. 2:12-CV-01578-JAD, 2014 WL 6772916, at *6 (D. Nev. Dec. 2, 2014) ("As the disputed responses in question fail to state that a reasonable inquiry was made, they violate Rule 36."); *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 15 (D.D.C. 2007) (holding that a party's responses were deficient because the party failed to state that it made a "reasonable inquiry" prior to finding insufficient information to either admit or deny the RFAs). Though CX Re, in light of Streeter's deficiencies, requests that this Court deem her Responses admitted, "[o]rdinarily, a district court should first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed. . . ." *Louis*, 2011 WL 1832808, at *2. As such, Streeter must make reasonable inquiry, in accordance with the scope outlined below, and amend her answers to RFA Nos. 3 and 4.

Streeter is obligated to make reasonable inquiry of "those persons and documents" that are within her control and could "lead to or furnish the necessary and appropriate response." *T. Rowe Price*, 174 F.R.D. at 43. Moreover, provided "no manifest or potential conflict [exists] between" them, Streeter must ascertain information from third parties, who share "some identity of interest" such as "a present or prior relationship of mutual concerns, or their active cooperation in the litigation[.]" *Uniden America*, 181 F.R.D. at 304. Thus, Streeter's reasonable inquiry must extend to documents which she produced and/or created in her underlying lead paint case, including discovery responses and pleadings, because they might furnish her the information necessary to admit or deny each RFA. For example, as an adult in her underlying suit, Streeter conceded that she alleged the very facts contained within RFA Nos. 3 and 4. [ECF No. 106-3 at 3]. Moreover, Streeter specifically stated in her underlying complaint against Defendants that, "[f]rom the beginning of [her] tenancy at 1633 E. Lanvale Street and while [] [she] lived there [from 1996-2001], the property contained lead-based paint in such deteriorated condition that it was peeling, chipping and flaking from the walls, baseboards, windowsills and other areas of the premises." [ECF No. 106-1 at 2-3, 6, 11, 16]. Further, in her answers to interrogatories in her underlying case, Streeter stated that, at her request, the Lanvale Street Property was inspected by ARC Environmental on March 12, 2015, and the presence of lead-based paint was confirmed. [ECF No. 109-1 at 5]; *see also* [ECF No. 109-2] (ARC Environmental's Inspection Summary confirming the presence of lead-based paint at the Lanvale Street Property). Finally, Streeter also stated in her answers to interrogatories that she resided at the Lanvale Street Property with her non-biological mother and guardian, Ms. Erica Campbell, and grandmother, Ms. Denise Muse, both of whom had knowledge of the lead paint conditions at the property. [ECF No. 109-1 at 6, 7-8, 12]. Thus, both Ms. Campbell and Ms. Muse likely possess information relevant to the disputed RFAs. As such, pursuant to Rule 36, Streeter must make reasonable inquiry of: (1) her documents; (2) Ms. Erica Campbell and Ms. Denise Muse; and (3) any other like third parties who share or shared some identity of interest with Streeter in her underlying lead paint case. After conducting a reasonable inquiry, Streeter must amend her

responses to RFA Nos. 3 and 4.

IV.   **Attorneys' Fees**

In light of Streeter's deficient responses to RFA Nos. 3 and 4, CX Re asks that this Court award it the reasonable expenses and attorneys' fees it incurred in bringing this Motion. [ECF No. 98 at 14-15]. Rule 37 provides that, if a motion to compel:

> is granted--or if the . . . requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). However, a "court must not order [] payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified[.]" *Id.* "A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Proa v. NRT Mid Atl., Inc.*, 633 F. Supp. 2d 209, 213 (D. Md. 2009), *aff'd sub nom. Proa v. NRT Mid-Atl., Inc.*, 398 F. App'x 882 (4th Cir. 2010) (quoting *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. Appx. 586 (4th Cir. 2009)).

Here, Streeter's insufficient answers to RFA Nos. 3 and 4 were not substantially justified, such that an award of expenses and attorneys' fees to CX Re pursuant to Rule 37(a)(5)(A) appears to be required. Streeter was required to state that she "had conducted a reasonable inquiry and answer if the information was readily obtainable, even though [she] had no personal knowledge of the facts." *Louis*, 2011 WL 1832808, at *3 (citing *Asea, Inc.*, 669 F.2d 1242). Her failure to adhere to the plain language of Rule 36 immediately rendered her Responses deficient. *Id.*; *Jones*, 2014 WL 6772916, at *6; *Tequila Centinela,* 242 F.R.D. at 15. This case is distinguishable from *CX Re v. Devon S. Johnson*, Civil No. RWT-15-3132, ECF No. 106. In that case, CX Re protested a much broader range of Johnson's objections to its RFAs, many of which were sustained. *CX Re v. Devon S. Johnson*, Civil No. RWT-15-3132, ECF No. 106; *see Bado*, 2008 WL 11366413, at *4 (holding that, because a number of the defendant's objections to RFAs were sustained, the "[d]efendant's conduct was substantially justified," such that an award of expenses was not warranted). Moreover, because: (1) Johnson's underlying lead-paint case was brought by his next friend while he was a minor; and (2) reasonable inquiry is generally "limited to review and inquiry of those persons and documents that are within the responding party's control," *T. Rowe Price*, 174 F.R.D. at 43, this Court held that, despite having to make inquiry of a third party and amend certain answers, Johnson's initial responses citing lack of knowledge were substantially justified. *Id.* at 6-7. Unlike Johnson, however, Streeter brought her underlying State claims as an adult. As such, Streeter's inquiry into her own documents may have furnished her the information necessary to admit or deny each RFA. Thus, Rule 37(a)(5)(A) appears to require an award of expenses and fees. CX Re's request for an award, however, will be adjudicated only after it files a supplement to this Motion, including an invoice reflecting the

reasonable expenses and fees it incurred in filing this Motion. The supplement shall be filed on or before **February 14, 2018**. Streeter's attorney will then have an opportunity to submit an opposition to CX Re's request for an award and/or to the amount requested, provided it is filed by **March 3, 2018**.

V.      Conclusion

For the reasons discussed above, CX Re's Motion to Deem Facts Admitted [ECF No. 106] is DENIED, though Streeter is ordered to make reasonable inquiry and to amend her responses to RFA Nos. 3 and 4. Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge