IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CX REINSURANCE COMPANY LIMITED,
f/k/a CNA REINSURANCE COMPANY
LIMITED

v.                                                                 Civil No. JKB-15-3136

HOMEWOOD REALTY INC., ET AL.

******

**MEMORANDUM**

Plaintiff CX Reinsurance Company Limited ("CX Re") has filed suit against defendants Homewood Realty Inc., Stanley Sugarman, Ivy Realty, Inc., Wyman Park Company, and Upshire Company (collectively the "Sugarman Defendants"), seeking rescission of certain commercial general liability insurance policies. Chauncey Liles, Shyliyah Streeter, Keishonne Moore, Prentiss Watson, and Kayla McKnight (collectively the "Intervenor Defendants") have intervened. Now pending are CX Re's motion for partial summary judgment and Kayla McKnight's Rule 56(d) motion. The parties have fully briefed the issues, and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, McKnight's motion is granted and CX Re's motion is denied without prejudice. CX Re is invited to renew its motion at the close of discovery.

**BACKGROUND**

CX Re issued a general liability insurance policy to the Sugarman Defendants for the period February 28, 1997, to February 28, 1998. (ECF No. 87-2.) The Sugarman Defendants

1

subsequently renewed their coverage. (ECF No. 87-3.) The policies insured the Sugarman Defendants against certain risks in connection with certain residential properties located in Baltimore, Maryland. (ECF Nos. 87-2, 87-3.) The policies were issued based on information the Sugarman Defendants provided in an application for insurance, including information regarding habitational risks. (ECF No. 87-1, p. 3; ECF No. 94-1, p. 3.) Question #16 of the application was, "Has the insured ever had any lead paint violations in the buildings?" *Id.* CX Re claims that the application it eventually received from the Sugarman Defendants, through intermediaries, included an answer of "No" to Question #16. *Id.* However, prior to 1997, the Baltimore Department of Health had cited the Sugarman Defendants for lead paint violations in at least one building covered by the policies. (ECF No. 87-7.) CX Re claims it would not have issued the policies had it received an application that answered "Yes" to Question #16. (ECF No. 87-1, p. 4; ECF No. 87-6.)

Since the time the policy was issued, the Sugarman Defendants have been sued by certain individuals, including the Intervenor Defendants, who resided at or visited their buildings and allege they suffered bodily injury due to lead paint exposure. (ECF No. 15, ¶ 30; ECF No. 28, ¶ 30.) The Sugarman Defendants have tendered those lawsuits to CX Re for defense and indemnity coverage under the policies. (ECF No. 15, ¶ 32; ECF No. 111, p. 4.) CX Re has defended, settled, and satisfied judgments in connection with these and other lawsuits. (ECF No. 15, ¶ 33; ECF No. 111, p. 4.)

In February 2016, CX Re filed an amended complaint seeking rescission of the policies on the grounds that the Sugarman Defendants' answer to Question to #16 was a material misrepresentation. (ECF No. 15.) The court has since issued, and then amended, a scheduling order. (ECF No. 86; ECF No. 100.) The current scheduling order sets a May 18, 2018,

discovery deadline and a July 17, 2018, dispositive pretrial motions deadline. (ECF No. 100.) On September 22, 2017, with discovery ongoing, CX Re filed a motion for summary judgment on Count I of the amended complaint. (ECF No. 87.) Intervenor Defendant Kayla McKnight filed a Rule 56(d) motion, asking the court to defer consideration of the motion for summary judgment until the close of discovery. (ECF No. 94.) Those motions are now pending.

**STANDARD**

"Rule 56(d) requires that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition. The rule is intended as a safeguard against a premature grant of summary judgment." *Tyree v. United States*, 642 F. App'x 228, 230 (4th Cir. 2016) (internal citations omitted). Rule 56(d) motions are "broadly favored and should be liberally granted." *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483-84 (4th Cir. 2014) (quoting *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013)). "A court should hesitate before denying a Rule 56(d) motion when the nonmovant seeks necessary information possessed only by the movant. But a court may deny a Rule 56(d) motion when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment." *Pisano v. Stranch*, 743 F.3d 927, 931 (4th Cir. 2014) (citing *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006)).

The nonmovant must demonstrate that he cannot yet properly oppose a motion for summary judgment by submitting a Rule 56(d) affidavit. *Pine Ridge Coal v. Local 8377*, 187 F.3d 415, 421 (4th Cir. 1999). "A [Rule 56(d)] affidavit that conclusorily states that discovery is required is insufficient; the affidavit must specify the reasons the party is unable to present the necessary facts and describe with particularity the evidence that the party seeks to obtain." *Radi*

*v. Sebelius*, 434 F. App'x 177, 178 (4th Cir. 2011). If the nonmovant successfully shows, through its Rule 56(d) affidavit, that for specified reasons it cannot present facts essential to justify its opposition, "the court may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

## ANALYSIS

CX Re moves for summary judgment on its rescission claim. (ECF No. 87.) Under Maryland law, "a material misrepresentation on an insurance policy application justifies the rescission of a policy issued on the basis of that application." *Certain Underwriters at Lloyd's, London v. Cohen*, 785 F.3d 886, 890 (4th Cir. 2015). McKnight's Rule 56(d) motion, supported by the affidavit of Paul S. Caiola, establishes that defendants have not yet had the opportunity to discover information necessary to determine, among other things, whether there was a misrepresentation and, if there was a misrepresentation, whether it was material. (ECF Nos. 94-1, 94-2.)

Defendants must be afforded the opportunity to discover whether there was a misrepresentation. Specifically, they must be afforded the opportunity to determine the answer to Question #16. (ECF No. 94-2, ¶ 13.) McCollum's affidavit says the answer to Question #16 was "No," while Sugarman provides a copy of an application where the answer to Question #16 is "Yes." (ECF No. 87-6, ¶ 15; ECF No. 92-2, p. 2.) To resolve this discrepancy, those two individuals must be deposed. (ECF No. 94-2, ¶¶ 14, 26.) There is also a possibility that a National Insurance Service ("NIS")[1] employee changed the answer from "No" to "Yes" between the time Sugarman filled out the application and the time McCollum received it. (ECF No. 94-2,

---

[1] National Insurance Service was apparently responsible for forwarding the application to CX Re. (Def. McKnight's Mot. Supp. Mem. 13, ECF No. 94-1.)

¶ 16.) Defendants need to depose an individual from NIS to determine whether this occurred. (ECF No. 94-2, ¶ 17.)

Defendants also must be afforded the opportunity to discover whether, if there was a misrepresentation, it was material. Specifically, they must be afforded the opportunity to contest McCollum's representation that CX Re would not have issued the policies had it received a "No" answer to Question #16. (ECF No. 94-2, ¶ 30.) To do this, they need to obtain underwriting files, take depositions of underwriters, issue interrogatories to CX Re, obtain communications between CX Re and McCollum regarding underwriting practices, and depose McCollum. (ECF No. 94-2, ¶¶ 29, 31-34.) From this discovery they will be able to determine what CX Re normally did when someone answered "Yes" to Question #16, as well as what CX Re normally did when it knew a property either had received a lead paint violation notice, had lead paint, or had any chipping or flaking paint. (ECF No. 94-2, ¶¶ 27-28.)

Although the parties dispute whether defendants need an opportunity to discover other relevant information, the court need not address this dispute to resolve the pending motions.

## CONCLUSION

For the foregoing reasons, McKnight's Rule 56(d) motion (ECF No. 94) is granted and CX Re's motion for partial summary judgment (ECF No. 87) is denied without prejudice. CX Re is invited to renew its motion at the close of discovery. A separate order follows.

DATED this 21st day of February, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge