CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 9, 2018

LETTER TO COUNSEL

      RE:    *CX Reinsurance Company Limited, f/k/a CNA Reinsurance Company Limited v. Homewood Realty Inc., et. al.*; Civil Case No. JKB-15-3136

Dear Counsel:

This matter has been referred to me for discovery disputes and related scheduling matters. [ECF No. 66]. Presently pending is CX Reinsurance Company Limited's ("CX Re") Motion for Attorney Fees, [ECF No. 120], Intervenor-Defendant Shyliyah Streeter's ("Streeter") Opposition, [ECF No. 123], and CX Re's Reply, [ECF No. 123]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, CX Re's Motion is granted, although its requested award will be reduced in accordance with this letter opinion.

### I. Background

The factual background has been recited in prior orders and will not be repeated here. Relevant to this Motion, on December 19, 2017, CX Re filed a Motion to Deem Facts Admitted, arguing that, had Streeter conducted a reasonable inquiry into two of its Requests for Admission ["RFAs"], as required by Federal Rule of Civil Procedure 36, Streeter necessarily would have admitted each of the facts contained therein. *See* [ECF No. 106]. On January 2, 2018, Streeter filed an Opposition to CX Re's Motion [ECF No. 109], and, on January 16, 2018, CX Re filed its Reply, [ECF No. 114].

On January 21, 2018, this Court denied CX Re's Motion to Deem Facts Admitted, but, because Streeter failed to comply with Rule 36, ordered Streeter to: (1) make reasonable inquiry of her documents and certain third parties; and (2) amend her responses as necessary. [ECF No. 116 at 4-5]. Thereafter, Streeter made reasonable inquiry, and, on February 6, 2018, admitted the disputed RFAs. [ECF Nos. 120 at 2, 123 at 2]. Because, however, Streeter's initial responses to the once disputed RFAs plainly violated Rule 36, this Court found that they were not substantially justified, and that, as such, an "award of expenses and attorneys' fees to CX Re pursuant to Rule 37(a)(5)(A) appear[ed] to be required." [ECF No. 116 at 5].

Pursuant to the Court's order, CX Re filed a supplement, requesting an award of $5,120.00 for the fees it incurred in filing its Motion. [ECF No. 120 at 1]. To support its request, CX Re produced a schedule of fees, which demonstrates that five of its attorneys, and a paralegal, expended a total of 19.9 hours on the Motion and Reply. [ECF No. 120-1 at 1-2]. Specifically, Zachary Mulcrone, "an associate-level attorney assigned to this matter, performed a majority of the work" and billed 8.8 hours. [ECF Nos. 120 at 3-4, 120-1 at 1-2]. He has been a

member of the bar for seven years, and his hourly rate is $250/hour. Alexander Hess, also a member of the bar for seven years with an hourly rate of $250/hour, billed 6 hours. *Id.* Ellen Jenkins, admitted to the bar for over twenty years with an hourly rate of $325/hour, billed .4 hours. *Id.* Shari Stewart, licensed for three years with an hourly rate of $250/hour, billed 2.2 hours. *Id.* Stuart M.G. Seraina, admitted to the bar for approximately 19 years with an hourly rate of $355/hour, billed 2.2 hours. *Id.* Finally, Ashley Ryba, a paralegal, billed .3 hours at a rate of $100/hour. *Id.*

CX Re argues that $5,120.00 is a reasonable fee for the "necessary and appropriate" actions it took to "force Streeter to amend her insufficient answers to its [RFAs]," including: conferring with Streeter's counsel prior to filing its Motion, researching relevant case law, drafting the Motion, analyzing Streeter's Opposition, and filing its Reply thereto. [ECF No. 120 at 3]. Streeter, however, argues that it is unreasonable to charge such an amount for "a single motion . . . comprising 8 (eight) pages, of which 3 pages (Standard of Review section with case authorities) is a verbatim carbon copy of the motion CX Re simultaneously filed in the companion case of *CX Re v. Devon Johnson*, 15-cv-0132-RWT [ECF 98 filed 12/19/17 at 4-5]." [ECF No. 123 at 2]. Moreover, Streeter contends that the five attorneys "bill for the same motion, the same reply and the same reviews of documents," which she contends, because it was a "simple motion," is "unconscionable." *Id.* at 3-4. Streeter, thus, requests that this court deny CX Re's request for fees, or, alternatively, cap the award to "no more than $500." *Id.* at 5.

## II. Legal Standard

"[I]n calculating an appropriate attorneys' fee award, a district court must first determine the lodestar amount (reasonable hourly rate multiplied by hours reasonably expended), applying the *Johnson/ Barber* factors when making its lodestar determination." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008) (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)). The *Johnson/Barber* factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 321 (citing *Spell v. McDaniel*, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)). Importantly, "[d]etermination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate." *Id.* (citing *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). Finally, the amount of any

award of attorney's fees "is within the sound discretion of the trial court." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984); *see also Flores v. City Certified Bldg. Servs., Inc.*, No. CV ELH-16-2135, 2016 WL 6780209, at *4 (D. Md. Nov. 16, 2016) ("[A] trial court is vested with discretion in determining the award of fees, given its 'superior understanding of the litigation.'" (quoting *Thompson v. HUD*, No. MJG-95-309, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2002)).

### III. Analysis

Although CX Re's Motion to Deem Facts Admitted was denied, by filing the Motion, it successfully forced Streeter to make reasonable inquiry of the disputed RFAs (as required by Rule 36) and to amend her responses. *See* [ECF No. 116 at 4-5]. Thereafter, Streeter admitted the RFAs in question. [ECF Nos. 120 at 2, 123 at 2]. CX Re's Motion, therefore, achieved its desired results. *See McDonnell v. Miller Oil Co.*, 134 F.3d 638, 641 (4th Cir. 1998) ("'[T]he most critical factor' in calculating a reasonable fee award 'is the degree of success obtained,' and when 'a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Thus, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," which normally encompasses "all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435. To determine whether the hours expended on the Motion were reasonable, this Court must consider whether CX Re's request "includes hours that were unnecessary or duplicative" or otherwise excessive. *Flores*, 2016 WL 6780209, at *4.

First, as CX Re demonstrates, under Appendix B to this Court's local rules, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, most of its attorneys and paralegal billed at rates which are presumptively reasonable.[1] Thus, the only remaining inquiry is to determine whether 19.9 hours constitutes a reasonable amount of time to expend on the litigation. While the matter was contested, it, nonetheless, involved a straightforward violation of Rule 36 and implicated no new issues of law. *See e.g., Ball-Rice v. Bd. of Educ. of Prince George's Cty.*, No. CIV.A. PJM-11-1398, 2013 WL 2299725, at *2 (D. Md. May 24, 2013) ("If the party is asserting that it cannot admit or deny due to lack of knowledge or information, it must state that it has first made a reasonable inquiry into the matter."); *Jones v. Zimmer*, No. 2:12-CV-01578-JAD, 2014 WL 6772916, at *6 (D. Nev. Dec. 2, 2014) ("As the disputed responses in question fail to state that a reasonable inquiry was made, they violate Rule 36."); *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 15 (D.D.C. 2007) (holding that a party's responses were deficient because the party failed to state that it made a "reasonable inquiry" prior to finding insufficient information to either admit or deny the RFAs). Moreover,

---

[1] The Guidelines provide that lawyers admitted to the bar: (1) for less than five years may bill between $150-225/hour (Stewart); (2) between five to eight years may bill between $165-300/hour (Mulcrone and Hess); (3) between fifteen to nineteen years may bill between $275-425/hour (Seraina); and (4) for over twenty years may bill between $300-475/hour (Jenkins). Further, paralegals may bill between $95-150/hour (Ryba). *See* Loc. R. App'x B (D. Md. 2016). The only adjustment necessary is to reduce Stewart's rate to $225/hour. Thus, for 2.2 hours billed, [ECF No. 120-1 at 1-2], Stewart's fee would total $495.00, a difference of only $55.00.

the dispute centered on only two RFAs, and CX Re's Motion totaled only eight pages in length. *See* [ECF No. 106]. Furthermore, as Streeter notes, CX Re's Motion in this case parallels much of the Motion to Deem Facts Admitted that CX Re filed on the same day in its companion case against Devon Johnson, including an identical Standard of Review Section. *See CX Re v. Devon Johnson*, RWT-15-0132, [ECF No. 98 at 4-5]. CX Re, however, contends that it drafted the Motion in this case first, and then merely inserted the Standard of Review section into the *Johnson* case, such that, had it succeeded on its fee request in *Johnson*, "it would not have sought from Johnson any of the fees that it [now] seeks from Streeter." [ECF No. 124 at 3 n.1]. Filing near identical motions on the same day in separate cases with the same attorneys, however, supports an inference that the hours expended in researching the matter were done to benefit both cases. Finally, CX Re's schedule of fees demonstrates that its attorneys performed at least some duplicative tasks, because, on multiple occasions, Jenkins, Hess, and Mulcrone individually supplemented the initial Motion, before a final review by Seraina. *See Flores*, 2016 WL 6780209, at *4. Therefore, this Court shall reduce the number of hours that each attorney expended by fifty percent, to account for the fact that the eight-page Motion was essentially prepared for two cases and that there was duplication of effort among several different attorneys. Accordingly, also applying Stewart's reduced rate, this Court will award attorneys' fees in the amount of $2,505.00.

## IV. Conclusion

For the reasons discussed above, CX Re's Request for Attorneys' fees [ECF No. 120] is GRANTED, though its recoverable fees are reduced to $2,505.00. Streeter is hereby ordered to pay unto counsel for CX Re the aforementioned amount by April 9, 2018.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge