UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 17, 2018

LETTER TO COUNSEL

    RE:    *CX Reinsurance Company Limited v. Homewood Realty Inc., et al.*,
              Civil No. JKB-15-3136

Dear Counsel:

I am in receipt of the July 24, 2018 letter written by counsel for Intervenor Defendant Kayla McKnight ("McKnight"), the response submitted by Plaintiff CX Reinsurance Company Limited ("CX Re") on August 24, 2018, and the reply McKnight filed on September 14, 2018. [ECF Nos. 138, 146, 154]. McKnight seeks to compel discovery and asks this Court to sanction CX Re. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the motion is construed as having been filed by Intervenor Defendants Streeter and Liles, and is granted in part and denied in part.

Each side has presented arguments and constructed certain roadblocks that were, for lack of a better word, avoidable. Each party has spent a lot of time and energy asking me to pre-judge the issue currently pending before Judge Bredar in the Motion to Dismiss several of the intervenor defendants from this litigation. [ECF No. 125]. However, given that all parties acknowledge that Intervenor Defendants Liles and Streeter will remain in this case, the pending discovery disputes could have been simply and efficiently litigated by their counsel. At my request, counsel for Liles and Streeter filed a letter adopting McKnight's positions on August 28, 2018. [ECF No. 148]. Some of the "impediments" McKnight suggests those Intervenor Defendants would have faced in seeking discovery, such as the order from May 3, 2017, preventing duplicative discovery from intervenor defendants, could have been easily overcome by a simple request to the Court, given the fact that the original defendant is no longer party to this action. *See CX Reinsurance Company Limited v. Kirson, et al.*, Civil Action No. RWT-15-3132, Oct. 6, 2017, ECF No. 83.

I have issued a significant number of discovery rulings in these related cases over the past two years. I intend to rule in this case consistent with my prior decisions, unless there is a valid factual basis to distinguish this case from one ruled upon previously. The amount in controversy is not a persuasive reason to distinguish this case from the other cases that have been presented. If there is no factual basis for distinguishing this case from a prior ruling, I will not reconsider my prior legal opinions within the context of this case. With those precepts in mind, I direct counsel for Intervenor Defendants Liles and Streeter to confer telephonically with counsel for

CX Re no later than close of business on **Wednesday, September 19, 2018**, to discuss the discovery requests Liles and Streeter have adopted, and the issues outlined on pages 4-8 of McKnight's July 24, 2018 letter. Counsel for McKnight may listen in on the conference, but may not be an active participant. Should McKnight remain in the case following Judge Bredar's ruling on the Motion to Dismiss, McKnight will be afforded an opportunity to raise any additional discovery issues, if those issues have not already been presented by counsel for Liles and Streeter.

Following the conference, CX Re will have until **Monday, October 1, 2018**, to present, in writing, any arguments regarding why the factual circumstances in this case should result in rulings other than those set forth on pages 4-8 of McKnight's July 24, 2018 letter. Defendants Liles and Streeter will then have the opportunity to file a written response, no later than **October 15, 2018.**

No sanctions or award of expenses are appropriate at this time. As I noted above, all parties had opportunities to simplify or streamline the issues presented and to resolve these matters without Court involvement. Thus, I decline to exercise my discretion to impose sanctions or to order expenses pursuant to the Federal Rules of Civil Procedure. However, if the precepts outlined above are not followed, or the parties fail to meet and confer in good faith on all of the issues described before seeking further guidance from this Court, I will consider whether future imposition of sanctions might be warranted.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge