UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 27, 2018

LETTER TO COUNSEL

RE: *CX Reinsurance Company Limited v. Homewood Realty Inc., et al.*,
Civil No. JKB-15-3136

Dear Counsel:

I am in receipt of the September 26, 2018 letter written by counsel for Plaintiff CX Reinsurance Company ("CX Re"). [ECF No. 160]. On September 25, 2018, CX Re moved for voluntary dismissal of this action, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). [ECF No. 159]. On September 26, 2018, counsel for Intervenor Defendants Chauncey Lyles ("Lyles") and Shyliyah Streeter ("Streeter") advised the Court that they were evaluating Plaintiff's Motion to Dismiss, and intended to submit a written response within the time permitted by the Local Rules. [ECF No. 161]. CX Re now seeks to stay discovery pending the resolution of its dismissal motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, I will grant CX Re's request to stay discovery.

Federal Rule of Civil Procedure 26 provides that documents are only discoverable if they are "relevant to any party's claim or defense and proportional to the needs of the case, considering…the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26 also provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including…forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). To establish "good cause," the moving party "must present a 'particular and specific demonstration of fact' as to why a protective order [staying discovery] should issue." *Wymes v. Lustbader*, No. WDQ-10-1629, 2012 WL 1819836, at *3 (quoting *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)). The moving party must make "a specific factual showing that the interest of justice and considerations of prejudice and undue burden to the parties require a protective order and that the benefits of a stay outweigh the cost of delay." *Id.* (citations omitted). "It is not uncommon for courts to stay discovery pending resolution of dispositive motions." *Id.* at *4 (citing *Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir. 1986)).

Staying discovery in this case would save both parties potentially unnecessary expenses, and outweighs any benefit gained from producing documents that may no longer be relevant. Accordingly, I find it appropriate to stay discovery pending Judge Bredar's resolution of CX

Re's Motion to Dismiss. Should the Motion to Dismiss be denied, I will impose new deadlines for the filings required in my September 17, 2018 letter. [ECF No. 155].

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                        Sincerely yours,

                                              /s/

                                        Stephanie A. Gallagher
                                        United States Magistrate Judge