IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CX REINSURANCE COMPANY LTD., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-15-3136 |
| HOMEWOOD REALTY INC. *et al.*, | * | |
| Defendants | * | |

### MEMORANDUM

Pending before the Court is Plaintiff's voluntary motion to dismiss the instant case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Pl.'s Mot. Dismiss II, ECF No. 159.) The motion has been briefed (ECF Nos. 167, 170), and no hearing is required, Local Rule 105.6 (D. Md. 2018). The motion will be granted, but with modifications to the relief requested.

*I. Background*

This case began with an October 15, 2015, complaint by CX Reinsurance Company, Limited ("CX Re"), against Homewood Realty Incorporated and Stanley Sugarman, seeking either rescission of certain commercial liability insurance policies or, alternatively, damages for fraud allegedly perpetrated by Defendants in applying for the policies intended to protect Defendants from liability in relation to their residential tenant properties. (Compl., ECF No. 1.) After Defendants filed an answer and a scheduling order was entered, CX Re filed an amended complaint adding Ivy Realty, Incorporated, Wyman Park Company, and Upshire Company as Defendants. (Am. Compl., ECF No. 15.) Henceforth in this opinion, all of the aforementioned

Defendants will be referred to as the Landlord Defendants. An answer was filed by all Landlord Defendants (ECF No. 28), and the discovery phase of the case continued.

In August 2016, motions to intervene were filed by Chauncey Liles, Shyliyah Streeter, Keishonne Moore, and Prentiss Watson (ECF No. 34) and Kayla Shy'Kira McKnight (ECF No. 36). Following litigation and decision on a motion to consolidate, the Court granted the motions to intervene. (ECF No. 64.) In this opinion, Liles, Streeter, Moore, Watson, and McKnight will be collectively referred to as Intervenor Defendants. Liles, Streeter, Moore, and Watson filed an answer to the amended complaint (ECF No. 35), and McKnight filed an answer that included a counterclaim and a crossclaim (ECF No. 65). Discovery continued, but now has been stayed pending resolution of the instant motion. (ECF No. 162.)

## II. Standard for Voluntary Dismissal

Because of the stage of the litigation and because all parties have not stipulated to dismissal, the case may be dismissed voluntarily by CX Re pursuant to Federal Rule of Civil Procedure 41(a)(2), which states,

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

"A plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant." *Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). When a plaintiff moves under Rule 41(a)(2) for voluntary dismissal *with prejudice*, "it has been held that the district court must grant that request." 9 Charles A. Wright & Arthur R. Miller § 2367 (2d ed. 1995), *quoted in Weathers v. Consol. Stores Corp.*, Civ.

2

No. DKC-02-3274, 2004 U.S. Dist. LEXIS 202, at *4 (D. Md. Jan. 7, 2004). In such an instance, "the fact that Plaintiffs seek 'dismissal *with* prejudice is of paramount importance.'" *Weathers*, at *4 (quoting *F.D.I.C. v. Becker*, 166 F.R.D. 14, 15 (D. Md. 1996)). "A voluntary dismissal with prejudice under [Rule] 41(a)(2) is a complete adjudication on the merits of the dismissed claim." *Harrison v. Edison Bros. Apparel Stores*, 924 F.2d 530, 534 (4th Cir. 1994).

### *III. Analysis*

As earlier noted, although the Court will grant CX Re's motion, modifications will be made to the proposed order. CX Re asks the Court to dismiss the entire action with prejudice and require each party to bear its own attorney fees.[1] (Draft Order, ECF No. 159-1.) Intervenor Defendants, while not opposing the request to dismiss CX Re's complaint with prejudice, are opposed to the dismissal of McKnight's counterclaim and crossclaim with prejudice. (Int. Defs.' Opp'n 2, 7 n.2.) They say that if the Court dismisses CX Re's complaint with prejudice, McKnight's counterclaim and crossclaim should remain pending or be dismissed without prejudice. (*Id.*) Additionally, Intervenor Defendants request the Court impose conditions on the dismissal of CX Re's claims: (1) that CX Re is prohibited from raising rescission as a defense or affirmative claim in any future litigation involving the insurance policies; (2) that CX Re shall pay costs; and (3) that the dismissal order should be silent regarding attorney's fees. (*Id.* 1-2.)

Before addressing these various contentions, the Court notes that CX Re filed a prior motion to dismiss with prejudice its claims against the Landlord Defendants and against McKnight, Moore, and Watson; CX Re also requested dismissal with prejudice of McKnight's counterclaim and crossclaim. (Pl.'s Mot. Dismiss I, ECF No. 125.) CX Re did not request dismissal of its claims against Liles and Streeter. The basis for that motion was that CX Re and

---

[1] In the draft order, CX Re also asked for each party to bear its own costs, but abandoned that request in its reply. (Pl.'s Reply 5 n.4, ECF No. 170.)

the Landlord Defendants had reached a settlement based upon a modification to the policies that provided indemnity protection only to Sugarman and Ivy Realty and only for the judgments that Liles and Streeter had obtained against them.  (*Id.* at 4.)  That motion has never been ruled upon, but in light of CX Re's more recent motion for voluntary dismissal, the first motion is moot.  The Court also notes that the instant motion is not restricted to CX Re's claims against particular defendants.  Instead, it is directed at all of its claims in the case.

The Court agrees with Intervenor Defendants that, while it is proper to dismiss with prejudice CX Re's claims against all Defendants, it is inappropriate to dismiss McKnight's counterclaim and crossclaim with prejudice.  Instead, the latter will be dismissed without prejudice, as Intervenor Defendants have suggested.  If and when she obtains a judgment in her favor, she can pursue the same claim against CX Re and the Landlord Defendants by filing an action in Maryland state court or in this Court.[2]

As for the three conditions the Intervenor Defendants wish the Court to attach to the dismissal of the case, the Court is reluctant to bar CX Re from asserting claims or affirmative defenses in future litigation.  Doing so would require prejudging the effect of CX Re's voluntary dismissal in this case on claims and defenses in other cases.  Although the Intervenor Defendants point to a similar condition on dismissal in another CX Re case in this District, they fail to mention that CX Re stipulated to that condition.  *CX Re v. Johnson*, Civ. No. RWT-15-3132, slip op. at 2-5 (D. Md. June 15, 2018), ECF No. 180.   CX Re does not so stipulate here.  The Court declines the opportunity to reach beyond the confines of this case and decide the merits of claims or defenses in other cases, whether already filed or as yet unfiled.

---

[2] It seems to the undersigned that greater judicial economy would be achieved by McKnight's refiling in Maryland state court rather than this Court if it would still be necessary then for this Court to certify a question to the Court of Appeals of Maryland pertaining to her asserted third-party beneficiary status.  If the matter must be resolved in Maryland's courts anyway, then it seems simpler to begin the process there, too.

4

With regard to costs of suit, CX Re has conceded that costs may be properly assessed against it. (Pl.'s Reply 5 n.4, ECF No. 170 (citing Intervenor Defs.' Opp'n 11).) Consequently, the dismissal order will reflect that assessment.

Finally, the Intervenor Defendants request the Court remain silent on attorney's fees, indicating they may wish to file a motion for attorney's fees. This request is reasonable, and the Court will grant it. Whether such a motion would be meritorious or not need not be considered now.

## IV. Conclusion

The Court concludes CX Re's motion to dismiss voluntarily its claims with prejudice is appropriate and will be granted, with modifications noted previously. A separate order follows.[3]

DATED this 21st day of December, 2018.

BY THE COURT:

/s/
James K. Bredar
Chief Judge

---

[3] Intervenor Defendants filed a motion for leave to file a surreply (ECF No. 171), which will be granted. However, the surreply does not alter the Court's disposition of the case.